No. 56.—JOHN LYNCH, administrator of R. Black, deceased, plaintiff in error, *vs.* MOSES PRESSLEY, *et al.* defendants.

[1.] The levy and claim of personal property does not necessarily preclude the re-levy of the *fi. fa.* pending the claim.

[2.] Proof that the levy was dismissed by counsel for plaintiff in *fi. fa.* for want of evidence to condemn the property, at the trial, satisfactorily accounts for the levy, so as to authorize the execution to proceed.

[3.] The levy of an execution on personal property, sufficient to pay it, is not, *per se,* an extinguishment of the debt, but a satisfaction, *sub modo,* only.

[4.] While the release or dismissal of a levy on personal property—the judgment being unsatisfied—might not operate as a discharge of the execution, as between plaintiff and defendant, the effect might be very different where the rights of third persons were concerned, upon a proper case made.

Levy and claim, in Putnam Superior Court.   Decision by Judge JOHNSON, March Term, 1850.

This was an issue, upon a claim interposed by Moses Pressley, to property levied on by an execution in favor of plaintiff in error *vs.* Simeon Fuller, Jr. and Simeon Fuller.   Upon the trial, the execution was offered in evidence, upon which appeared a former levy, as follows :

" Levied this *fi. fa.* on the following named negroes :   Clayton, a man, and Elias, a man, this 31st day of May.

W. T. SALMONS, Sheriff.

" Claim interposed by James M. Pressley, agent for Moses

Pressley, for Clayton, one of the negroes, and, also, Elias, claimed by Sion Lee, for the other named negro.    June 2d, 1847.

W. T. SALMONS, Sheriff."

On objection by claimant, the Court decided, " That the *fi. fa.* could not be given in evidence, on the ground that the levy was evidence of satisfaction of the execution, and that the plaintiff must prove, either that it was insufficient, or that the proceeds were applied to some prior lien, or that it was otherwise unproductive, without his fault." To which decision plaintiff excepted.

Plaintiff then proved by Junius A. Wingfield, that he caused the levy to be made, and prosecuted the same as attorney, before the Inferior Court, and finding that the evidence was insufficient to subject the property to the *fi. fa.* the levy was dismissed, and for that reason alone. In reply to question by claimant's counsel, he stated, that since the dismissal of the levy, he had ascertained the facts connected with the title to the negroes, and now knew facts enough to condemn the property as subject to the *fi. fa.*

The Court held the evidence insufficient to rebut the presumption of payment, and decided that the evidence showed that the levy was made unproductive by the plaintiff in *fi. fa.* through his counsel, in dismsssing the levy.

To this decision plaintiff in *fi. fa.* by his counsel, excepted, and these two questions are submitted to this Court for review.

MERRIWETHER, for plaintiff in error.

N. G. FOSTER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Can an execution which has been levied on personal property, which is claimed by a third person, be re-levied until the claim is disposed of? We are not prepared to say that it could not. A distress which will answer only part of the rent, may be followed up by immediately distraining again. *Bradley on Distress*, 130. Any other doctrine would be ruinous to creditors. A levy is made on a *modicum* of property, which, at a fair sale, would not pay a tithing of the debt—a horse, for instance, to sat-

Lynch *vs.* Pressley *et al.*

isfy a *fi. fa.* of a thousand dollars.  A claim is interposed.  Is the plaintiff compelled to wait until this issue is decided, before he can re-levy ?   And are his hands so tied, that the debtor may eloign the rest of his effects, and thus defeat the judgment ?  We apprehend not.

[2.] As to the other question made in the record, whether or not the levy was satisfactorily accounted for, we hold that it was. Plaintiff's attorney testified, that at the trial he dismissed the levy, for want of proof to condemn the property.  Would not a verdict, finding the property not subject, have placed the claimant in a worse condition than he now is?   Had such a verdict been rendered, there can be no doubt but that this record evidence would have entitled the plaintiff to have proceeded against the present property which has been seized.  Is it a good objection to it, then, when tendered in testimony, that the levy was dismissed to avoid this result ?   But it is said, that it was the fault of the party or his counsel, that the facts, which, it is admitted, have since been ascertained, and which would have been sufficient to have condemned the property, were not discovered earlier.   There is nothing in the record to warrant us in coming to this conclusion. The most vigilant creditor is often forced to dismiss a levy, for want of proof, even to remove the onus; and yet, when the whole truth is subsequently developed, the property may not only be condemned, but damages given for putting in a frivolous claim.  I have known such cases.  The interest of creditors is the best guaranty that neither the defendant nor third persons will be improperly harassed by mere vexatious levies.

{3.} An idea prevails that it has been adjudicated by this Court, that the levy on personal property, to an amount sufficient to satisfy the execution, operates, *per se,* as an extinguishment of the judgment; and some *dictum,* perhaps, may have fallen from the Court to that effect, and authorities are certainly not wanting to sanction and sustain it.   Numerous cases might be cited, where, in the strongest language, and without qualification, this doctrine is affirmed.   *Clark vs. Withers,* 2 *Ld. Raym.* 1072.  1 *Salk.* 322, S. C.   *Ladd vs. Blunt,* 4 *Mass. R.* 483.   *Huyt vs. Hudson,* 12 *Johns. R.* 207.   *Reed vs. Pruyn Stoats,* 7 *Ib.* 428, '9.   1 *Cowen,* 47, *note.*   4 *Cowen,* 417.   14 *Wend.* 262.  And the reason given is, that by means of the levy, the debtor is deprived of his property.

I am entirely satisfied, however, that the simple proposition, as thus enunciated, is not maintainable. Mr. Justice *Cowen*, in *Greene vs. Burke*, (23 *Wend.* 490,) has, with his usual industry and learning, examined all the cases bearing upon this subject, from *Mountney vs. Andrews*, *Cro. Eliz.* 237, (to which they all go back,) down to the present time, and the conclusion at which he arrives is, that the levy is not, *per se*, an extinguishment, but a satisfaction, *sub modo*, only. Nor do I understand my brother *Nisbet* to have asserted any other doctrine, in *Newson and others vs. McLendon and others*, (6 *Ga. Rep.* 392,) referred to in the argument. The substance of the rule, as there stated, is, that the levy may or may not operate as a satisfaction, according to circumstances; but that if it fail in part, or in whole, without any fault of the plaintiff, he may proceed with the precept. The facts stated in that bill, make a strong case for the interference of a Court of Equity; and apart from the dismissal of the levy upon the *fi. fa.* by the assignees of the plaintiff, the purchasers, under Warmock, were fully entitled to the relief which they prayed.

[4.] As between plaintiff and defendant, a bare release or dismissal of the levy—the judgment not being paid—is, I suppose, no satisfaction, under the Statute of this State, which gives a lien on all the defendant's property until the debt is discharged. As it respects third persons, however, *when a proper case is made*, the principle might be very different.