## AYERS vs. LAMB.

65  627
112  702

The plaintiff in execution may, of his own motion, without any action of the court, dismiss a levy, though an issue may then be pending thereon. A subsequent levy is not thereby invalidated.

Levy and sale. Practice in the Superior Court. Before Judge PATE. Pulaski Superior Court. May Term, 1880.

Reported in the decision.

JAMES A. THOMAS, for plaintiff in error. .

O. C. HORNE, by brief, for defendant.

HAWKINS, Justice.

Asher Ayers foreclosed a landlord's lien in Pulaski superior court against N. B. Lamb, for the sum of $301.78. Execution issued against the property therein named, and was by the county court bailiff levied on the same, to-wit : on the sixth day of October, 1876.   The defendant contested the same and filed his affidavit and gave bond as the law required, which *fi. fa.*, levy, counter-affidavit and bond, were by the bailiff returned to the superior court, filed and entered in said court.   On the first day of December thereafter, plaintiff's attorney dismissed the levy, upon the ground that the same was illegal, and had the sheriff to levy the execution upon the same property, to which the said Lamb filed his counter-affidavit, bond etc., as before, as the law required, and which papers the sheriff returned to Pulaski superior court.   When the same came up for trial, Lamb moved the court to dismiss the levy made by the sheriff, upon the ground that the same was illegal, as it was made pending the first levy and counter-affidavit and while the case was undisposed of by the court, and that the dismissal of the first levy could not be done by the plaintiff's attorney, pending the first illegality, without an order of the judge at chambers or by the court.   Which motion the court sustained and dismissed the levy, and this is the only assignment of error.

Whether it is competent to dismiss a levy while an issue is pending thereon in the court to which the proceedings are returned, has never been passed upon by this court directly.

In 8 *Ga.*, 327, the case of *Lynch vs. Pressley*, the court says : " Can an execution which has been levied on personal

property, which is claimed by a third party, be re-levied until the claim is disposed of? We are not prepared to say it could not. A distress which will only cover a part of the rent may be followed up by immediately distraining again. Bradley on Distress, p. 130. Any other doctrine would be ruinous to creditors. A levy is made upon a *modicum* of property, which, at a fair sale, would not pay a tithing of the debt—a horse, for instance, to satisfy a *fi. fa.* of $1,000.00. A claim is interposed. Is the plaintiff compelled to wait until this issue is decided before he can re-levy? Are his hands so tied that the debtor may eloign the rest of his effects, and thus defeat the judgment? We apprehend not."

In 19 *Ga.*, *Branch vs. Baily*, the court says that after a *fi. fa* has been levied, a claim interposed under our claim laws and returned to court, the sheriff has no right to withdraw the execution at his pleasure, but the same must be withdrawn by leave and order of the court. The purpose of the withdrawal in this case was to make another levy. See 19 *Ga.*, 161.

So in the case of *The State vs. Jeter*, decided at the January term, 1880. The *fi. fa.* was withdrawn to make a new levy, while a levy was undisposed of on the paper, and the court said: "It would not do to allow the sheriff to withdraw papers essential to try cases pending in court without an order, whenever he deemed a levy illegal."

But the case at bar differs essentially from the former cases, in this, that in all the other cases there was an undisposed-of levy; there still remained a case in court to be tried after the action of the sheriff or plaintiff in withdrawing the *fi. fa.*; and, besides, the purpose was to make another levy, and thereby create two or more claim cases in the court, perhaps of different claimants touching the same lien, and prevent the use of essential papers on the trial of one or more of the cases.

In those cases third party claimants were interested in the papers, and had the right to have them remain of file in

the court.    But here the levy was dismissed, and that was a final disposition of the case, to all intents and purposes, as much so as if the same had been dismissed in open court, and by leave of the court.

Code, §3447, provides that the plaintiff in any action in any court, may dismiss his action (at any time) either in vacation or term time.

We think the dismissal of a levy puts an end to the case, and that whenever it can be so dismissed, without injury to the defendant or claimant interested, the plaintiff has the right to do so.

There is quite a difference between the dismissal of a levy and the withdrawal of a *fi. fa.* to make another levy : the one multiplies suits, the other dismisses and ends the only suit.

Were it otherwise, a plaintiff having committed a trespass upon the defendant and seized valuable personal property by an illegal levy, could not relieve or mitigate the damages occurring between the levy and the obtaining of the order of the judge allowing him to dismiss.

We therefore think the court erred in dismissing the levy made by the sheriff.