AMERICAN LEGION *v.* MILLER, police chief.

No. 11597. FEBRUARY 9, 1937.

*Ezra E. Phillips,* for plaintiff.

*E. Harold Sheals* and *Marion Williamson,* for defendant.

BELL, Justice. The American Legion filed a suit against J. W. Miller as chief of police of East Point, praying for an injunction to restrain the defendant from interfering with the plaintiff in the operation of a motion-picture show on Sunday for an alleged charitable purpose. The defendant filed an answer containing

numerous allegations which were defensive only, but embodying also the elements of a cross-action, the prayers of the answer being that "the prayers of plaintiff's petition be denied, and that plaintiff be enjoined and restrained from operating said picture-show or from lending the use of its name to the operation of same until it has fully complied with the law and evidences thereby an intention to comply with the law in the future, and furthermore agrees to conduct same in a lawful, orderly, and proper manner." After the filing of the answer and cross-action, the plaintiff through its attorney entered of record a voluntary dismissal of its petition, "but the court did not sanction or approve said dismissal," and "continued to treat the case as if the petition had not been dismissed." It appears, however, that no ruling was made, or order passed, actually refusing to recognize such entry by the plaintiff. After such dismissal, the plaintiff demurred generally to the defendant's cross-action, and moved to strike the same, on the following grounds: (a) The defendant has a. complete and adequate remedy at law. (b) No ground for injunction is alleged. (c) "Defendant has no right to seek injunction against petitioner; but if injunction may be sought, it can be lawfully sought only at the instance of the State through the solicitor-general, and then only upon the ground that petitioner is conducting a nuisance." The court overruled the plaintiff's demurrer and motion, and, after interlocutory hearing, passed an order enjoining the defendant, but inserting in the order certain conditions with which the plaintiff was dissatisfied. The plaintiff sued out a bill of exceptions, assigning error upon the several rulings mentioned. Since the plaintiff's demurrer and motion to strike were based upon the same grounds, the case will be dealt with as if only the general demurrer had been overruled.

■ "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket. After a plea of set-off or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510. The plaintiff's voluntary dismissal of its petition had the effect of

ending the case so far as the plaintiff's prayers were concerned. A complainant may dismiss his own petition, either in term time or in vacation, without any leave or order of the court. *Kean* v. *Lathrop*, 58 *Ga.* 355; *Ayers* v. *Lamb*, 65 *Ga.* 627; *Jackson* v. *Roane*, 96 *Ga.* 40 (23 S. E. 118); *Kiser Co.* v. *Bonnett*, 157 *Ga.* 555 (122 S. E. 338). Such a dismissal carries with it the entire case, including the answer to the extent of defensive matter. "But where the defendant has set up in his answer equitable claims by way of set-off or otherwise, the dismissal of the bill does not interfere with the defendant's right to a hearing or trial of such claims. The complainant may still dismiss his bill, but he can not prejudice the rights of defendant by carrying with the bill so much of the answer as is in the nature of a cross-bill praying for affirmative relief against complainant." *Evans* v. *Sheldon*, 69 *Ga.* 100. See also *Harris* v. *Hines*, 59 *Ga.* 427. When a suit in equity is dismissed, it is out of court and no decree can be rendered upon it. *Whatley* v. *Slaton*, 36 *Ga.* 654. So in the present case the plaintiff's dismissal of its petition disposed of the entire litigation, except the cross-action; and the dismissal of the cross-action would have constituted a final judgment, terminating the case. Contrast *Bellinger* v. *Eblin*, 158 *Ga.* 657 (124 S. E. 137); *White* v. *Chisolm*, 160 *Ga.* 177 (127 S. E. 140).

■ Did the court err in overruling the general demurrer as aimed at the cross-action? This question must be answered in the affirmative. The only relief sought by the defendant was an injunction to restrain the plaintiff from operating the picture-show and from lending its name to such enterprise until it has complied with the law, and agrees to conduct the same in a lawful, orderly, and proper manner. If the plaintiff is operating the show as alleged in the answer and is doing so in an unlawful manner, it may be prosecuted in the criminal courts, provided any penal statute or ordinance is violated. The general rule is that equity will take no part in the administration of the criminal law, and the cross-petition as filed by the chief of police does not show any ground for an exception to this rule. "Equity has no jurisdiction, upon the petition of individuals, to interfere in matters merely criminal, or to enjoin any one from the commission of a crime, when it does not appear that the acts complained of affected any property rights of the petitioners." *O'Brien* v. *Harris*,

105 *Ga.* 732 (31 S. E. 745). "A court of equity will not enjoin the commission of crime generally; but it has jurisdiction, and will in a proper case, at the instance of the State, restrain an existing or threatened public nuisance, though the offender is amenable to the criminal laws of the State." *Dean* v. *State,* 151 *Ga.* 371 (106 S. E. 792). If the acts of the plaintiff in operating the picture-show on the Sabbath amount to a public nuisance, such nuisance may be abated in the manner provided by law, or it may be enjoined upon an information filed by the solicitor-general; but an injunction will not be granted at the instance of a private citizen unless he has sustained special injury. Code, §§ 72-201, 72-202, 72-401; *Cannon* v. *Merry,* 116 *Ga.* 291 (42 S. E. 274). The fact that the defendant was sued as the chief of police and that the cross-action was filed by him in that capacity does not alter the case. Upon the facts as pleaded, his right to an injunction is no better than that of a private citizen. There is no merit in the defendant's contention that equity should assume jurisdiction under the rule that "a charity once inaugurated is always subject to the supervision and direction of a court of equity, to render effectual its purpose and object." Code, § 108-204. The gravamen of the defendant's cross-action was that the plaintiff was not engaged in a work of charity in conformity with any law, but was merely conducting a business enterprise on the Sabbath, in violation of the law and contrary to ordinances of the municipality.

The court erred in overruling the demurrer to the cross-action; and the further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*