### 21524. LIGHTSEY v. DIXON et al.

ALMAND, Justice. On the trial of an equitable action seeking an injunction and a decree of title to land, and on the defendant's cross-action seeking to have the petitioner enjoined from interfering with possession of a described tract of land by the Brunswick Pulp & Paper Company, and to have this defendant adjudged the owner of such described tract of land, the court directed a verdict in favor of the defendant on his cross-action. The only assignment of error contained in the bill of exceptions is to an antecedent ruling of the trial court sustaining an oral motion of the defendant to strike a portion of the plaintiff's amended petition. Subsequently to this ruling, the plaintiff withdrew his petition subject to the defendant's cross-action.

1. Since the plaintiff withdrew his case on October 16, 1961, and such was made the order of the court on the same date, he does not now have any case pending in the courts of this State. Therefore, his assignment of error is now moot and there is nothing for this court to consider in connection with the plaintiff's suit. *American Legion v. Miller*, 183 Ga. 754 (189 SE 837) ; *Proctor & Gamble Co. v. Blakely Oil &c. Co.*, 128 Ga. 606, 615 (57 SE 879); *Kent v. Hunter*, 9 Ga. 207; and *Mott v. Hill*, 7 Ga. 79.

2. There is no assignment of error complaining of any ruling concerning the defendants' cross-action or the final judgment. Accordingly, there is no question for consideration by this court on the cross-action.

This writ of error presents no question for review, and the motion to dismiss must be granted.

> *Writ of error dismissed. All the Justices concur.*

ARGUED JANUARY 9, 1962—DECIDED JANUARY 22, 1962.

*H. L. Causey, A. J. Tuten, Lee S. Purdom,* for plaintiff in error. *J. H. Highsmith,* contra.

