## 50410. ENGLISH v. ATLANTA TRANSIT SYSTEM, INC.

STOLZ, Judge.

In a prior tort action against the appellee, the appellant, prior to verdict, submitted a written paper to the judge stating that she *"moves* for a voluntary dismissal." (Emphasis supplied.) The judge had the court reporter mark it as an exhibit, and when the plaintiff handed it back to the judge, the latter looked at it and stated, "I can tell you that that is not sufficient under the

law." The judge refused to discharge the jury, which deliberated for several more hours without objection by the plaintiff's counsel before returning a verdict for the defendant. Within 6 months thereafter, the plaintiff renewed the action and had the voluntary dismissal "motion" docketed, which had not been done. The plaintiff appeals from the grant of the defendant's motion for summary judgment on the grounds of res judicata.

1. This case is yet another example of the "sporting theory" of justice, involving "a technical skirmish between counsel and the trial judge," which should have been avoided by the liberalized philosophy of the CPA and which illustrates the need for the General Assembly to restore our trial judges "to their historic common law role as the master of the trial." See Judge (now Justice) Hall's concurring opinion in *Shonson v. Bottomy,* 126 Ga. App. 691, 692 (191 SE2d 618).

The statute, Code Ann. § 81A-141 (a) (Ga. L. 1966, pp. 609, 653), allows the plaintiff to voluntarily dismiss, *"without order of court,* by filing a written *notice* of dismissal at any time before verdict." (Emphases supplied.) The judge's denial of the plaintiff's attempted voluntary dismissal was apparently based upon the technicality that the plaintiff *moved* for dismissal, rather than gave *notice* of dismissal (the judge gave no specific reason for his ruling). Under the notice system of pleadings of the CPA, we think that the plaintiff's pleading was sufficiently definite so as to inform the court of her intention to voluntarily dismiss. See *Woods v. Canady,* 126 Ga. App. 389 (190 SE2d 920) and cits. This is especially so since Code Ann. § 81A-141 (a) "eliminates the provision that a voluntary dismissal cannot be had without an order of court," *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415, 418 (181 SE2d 299), which means that now the plaintiff is entitled to voluntary dismissal as a matter of right when he substantially complies with the statutory conditions. "It has long been established in our law that the substance of a legal pleading determines its nature, not what it is denominated. *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170, 176 (169 SE2d 735) and cit." *Nunnery v. Dept. of Transportation,* 128 Ga. App. 221, 222 (196 SE2d 171).

This court itself has used the terms "motion" and "notice" interchangeably with regard to the vehicle for voluntary dismissal. See *Shonson v. Bottomy,* 126 Ga. App. 691, supra. Just as "[s]uperadded, meaningless surplusage in a verdict may be disregarded and stricken," (*McAfee v. Fickling & Walker Co.,* 123 Ga. App. 647, 649 (182 SE2d 146) and cits.), so can, and should, a motion for relief which requires merely notice and the exercise of no discretion by the trial judge, be treated as substantial compliance with the statutory provision for notice.

2. Code Ann. § 81A-105 (e) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) provides: "The filing of pleadings and other papers with the court as required by these rules [this Title] shall be made by filing them with the clerk of the court, except that the judge *may permit* the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." (Emphasis supplied.) The above statute does not *require* the judge to permit papers to be filed with him. In the case sub judice the plaintiff had actual notice that the judge was *not* permitting the filing of her paper with him by the facts that he stated that the paper was "not sufficient under the law" and that he did not thereafter discharge the jury. The plaintiff, by failing to file the dismissal with the clerk as was her right, by failing to obtain a ruling as to the nature of the legal insufficiency of her paper, failing to file an amended paper, and failing to make any objections to the court's failure to discharge the jury, allowing the case to proceed to judgment and not taking any appeal from the judgment, in effect acceded to the court's ruling, so that she is estopped to complain of it at this point. The case of *Spence v. Dyal,* 202 Ga. 739 (3b) (44 SE2d 658), which held that the trial judge's erroneous failure to give full effect to the plaintiff's dismissal, caused all that took place subsequently in the trial to be nugatory, does not require that this be done in the instant case, since the *Spence* case involved the court's action in the case then under review, not a previous one which had already proceeded to judgment which was not appealed, as is the case here.

Accordingly, the trial judge did not err in granting the defendant's motion for summary judgment on the

ground of res judicata.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs in the judgment.*

ARGUED FEBRUARY 26, 1975 — DECIDED APRIL 10, 1975 — REHEARING DENIED APRIL 24, 1975 —

*Phillip Slotin,* for appellant.

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellee.