54753. TROTTI et al. v. THE STATE.

SMITH, Judge.

The appellants were convicted of distributing obscene materials. In an appeal to the Supreme Court they challenged the constitutionality of the obscenity statute, the sufficiency of the evidence, and portions of the charge to the jury. The case was transferred to this court, and we find no merit in any of the nonconstitutional grounds. The judgment is affirmed.

1. The evidence supported the verdict.

2. The trial court did not err in failing to charge on the elements of obscenity as defined in Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419) (1973).

The Miller guidelines, which are now codified in Code § 26-2101 (b), apply to distinguish between protected expression and proscribable obscenity. The appellants here were charged not with any type of expression, speech, or communication, but with dissemination of devices described as obscene in Code § 26-2101 (c): "Additionally, any device designed or marketed as useful primarily for the stimulation of human genital organs is obscene material under this section." There could be no serious contention that the devices involved here constitute any form of protected expression, so the Miller standards are irrelevant.

3. The trial court charged, "Every person is presumed to intend the natural and necessary consequences of his acts, therefore the law presumes that every act which is in itself unlawful was criminally intended until the contrary is made to appear." The error in the second clause above is manifest under the Supreme Court's analysis in *Kramer v. State,* 230 Ga. 855, 856 (199 SE2d 805) (1973): "We think the law is very clear that the natural and probable consequences flowing from an act are to be presumed, but such presumption may be rebutted. *This is a very different thing from saying that the act producing the consequences is presumed to be a criminal act* or is presumed to be a violation of the law." (Emphasis supplied.) By saying that a criminal act is presumed to be criminally intended, the trial court's charge was potentially burden-shifting, and would be cause for reversal unless the error was harmless or invited. *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976). The remainder of the charge in this case, viewed together with the evidence produced, leads us to conclude that the error here was harmless.

Under Code § 26-2101, the crime of distributing obscene materials is completed when a person intentionally distributes any material classified as obscene, knowing the obscene nature of that material. The appellants admitted that they intended to distribute the devices in question. The trial court correctly charged on the elements of knowledge and constructive knowledge spelled out in Code § 26-2101 (a). The only scienter elements to be considered by the jury were whether the

distribution was intended and whether the appellants knew the obscene nature of the devices. The charge was not burden-shifting as to the knowledge element; and to the extent that it might have required the appellants to disprove a presumed intent to distribute, it was harmless, since the appellants had admitted intent to distribute.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 4, 1977 — DECIDED JANUARY 10, 1978 — REHEARING DENIED JANUARY 31, 1978 — ▮▮▮▮▮▮▮

*Glenn Zell,* for appellants.
*J. Edward Slaton, Solicitor, Sam B. Sibley, Jr., Assistant Solicitor,* for appellee.