69245, 69246. 2150 STEWART AVENUE, INC.
v. THE STATE (two cases).
(326 SE2d 579)

BENHAM, Judge.

Appellant was convicted of two counts of distributing obscene materials, one count alleging that appellant exhibited an obscene film and the other alleging the possession with intent to distribute of devices designed and marketed as useful primarily for the stimulation of human genital organs.

1. In Case No. 69246, appellant appeals from an order requiring the posting of a supersedeas bond. Appellant has expressly withdrawn consideration of that issue. Accordingly, Case No. 69246 is dismissed.

2. At the opening of the trial, appellant's counsel requested that an attorney admitted to practice in Colorado be permitted to appear in the trial as a co-counsel for appellant. The first enumeration of error in this appeal is that the trial court failed to exercise its discretion in determining whether to permit out-of-state counsel to participate.

*Williams v. State*, 157 Ga. App. 494 (2) (277 SE2d 781) (1981), established the discretion of a trial court in circumstances such as those in this case. Appellant does not question the existence of such discretion in the trial court, but argues that the trial court in the present case failed to exercise any discretion at all. The transcript does not support that assertion. The trial court heard the out-of-state counsel's application, considered the competence of appellant's Georgia counsel, and decided not to permit out-of-state counsel to appear. The act of the court in considering the qualifications of counsel and the needs of appellant for representation and then deciding the question was an exercise of discretion. Accordingly, we find no merit in appellant's first enumeration of error.

3. The trial court charged the jury that the standards and guidelines used to determine whether films and printed material are obscene do not apply to the devices involved in the case. Appellant's second enumeration of error, that the charge was erroneous, is controlled adversely to him by this court's ruling in *Trotti v. State*, 144 Ga. App. 648 (2) (242 SE2d 270) (1978). There, it was held that those standards are irrelevant in a case involving sexual devices since the standards are designed to distinguish between protected expression and proscribed obscenity, and the devices cannot be considered to be any form of protected expression.

4. Appellant's final enumeration of error is directed at the use of

the word "approved" in the course of defining the phrase "community standards" as that phrase is used in OCGA § 16-12-80 (b). The same objection to the same charge was considered and rejected in *134 Baker Street, Inc. v. State*, 172 Ga. App. 738 (324 SE2d 575) (1984).

*Judgment affirmed in Case No. 69245. Appeal dismissed in Case No. 69246. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1985.

*William A. Morrison*, for appellant.

*James L. Webb, Solicitor, Lawrence Lee Washburn III, Charles S. Hunter, Assistant Solicitors*, for appellee.