A92A2105. YOUNG et al. v. RIDER.
(430 SE2d 117)

COOPER, Judge.

Appellants, a couple and their two minor children, sued appellee in late 1987 for personal injuries and property damage allegedly resulting from appellee's negligent and illegal application of the termiticide chlordane at their home in 1986. After discovery, appellants were unable to present any evidence of personal injuries caused by exposure to chlordane; and in June 1990, several days before the case was set to go to trial, they voluntarily dismissed their case pursuant to OCGA § 9-11-41 (a). Within the six months allowed under OCGA § 9-2-61 (a), appellants refiled their complaint, making substantially the same claims and allegations. In early 1992, as the time for trial approached, appellants' expert told them he was not going to be able to causally link appellants' physical problems to chlordane exposure in the absence of test results showing unacceptable levels of chlordane in and around the house. Because they did not have this, appellants amended their complaint to dismiss the personal injury claims and drop their minor children (who had only the personal injury claims) from the action. About a month later, appellants were able to get test results from a second expert showing unacceptable levels of chlordane at the house which would allow the first expert to make the necessary causal link. Appellants therefore amended their complaint once again to reassert the personal injury claims, including the children's claims.

Appellee moved to dismiss the children and the personal injury claims reasserted in the second amended complaint. The trial court granted this motion, and we granted appellant's application for interlocutory appeal to review the trial court's rulings that the minor children appellants are no longer parties to this action and that the personal injury claims of the adult appellants are barred.

1. Appellants first argue that the minor appellants are still parties to the action because there was no court order dropping them as plaintiffs when appellants first amended their complaint. A court order is required to add or drop parties under OCGA § 9-11-21, and even the liberal amendment provisions of OCGA § 9-11-15 are limited by this requirement. See *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109 (2) (308 SE2d 211) (1983). Nonetheless, we reject appellants' first argument because we agree with the trial court's conclusion that OCGA § 9-11-21 does not govern the situation presented here. The purpose of that statute is to provide procedural relief for plaintiffs who sue too many or too few parties, so that "[m]isjoinder of parties is not ground for dismissal of an action." OCGA § 9-11-21; see also *Lamas Co. v. Baldwin*, 120 Ga. App. 149 (1) (169 SE2d 638) (1969). The procedure by which party plaintiffs in a multi-plaintiff action drop out of the action by dismissing all their claims is instead provided by OCGA § 9-11-41 (a), which states that: "an action may be dismissed by the plaintiff, *without order or permission of court*, by filing a written notice of dismissal at any time before the plaintiff rests his case." (Emphasis supplied.) The written notice need not be called a "notice of dismissal" to be one, as long as it is "sufficiently definite so as to inform the court of [the plaintiff's] intention to voluntarily dismiss" the party's action. *English v. Atlanta Transit System*, 134 Ga. App. 621, 622 (215 SE2d 304) (1975). Moreover, once an action has been dismissed pursuant to OCGA § 9-11-41 (a), it can be recommenced but not reinstated. *Matthews v. Riviera Equip.*, 152 Ga. App. 870 (1) (264 SE2d 318) (1980).

In the first amended pleading in this case, the minor appellants dropped out of the action, thereby dismissing the only claims they had. We conclude that this constituted a voluntary dismissal of their actions which was effective without court order pursuant to OCGA § 9-11-41 (a), rather than a dropping of parties requiring a court order pursuant to OCGA § 9-11-21. Accordingly, the trial court did not err in dismissing the minor appellants' attempt to reinstate their actions.

2. In their second enumeration of error, appellants contend that the trial court erred in applying OCGA §§ 9-11-41 (a) and 9-2-61 (a) to conclude that the adult appellants' reassertion of their personal injury claims in their second amended complaint was barred by the statute of limitation. OCGA § 9-2-61 (a) provides that a "case" dis-

missed pursuant to OCGA § 9-11-41 after the statute of limitation has run may be renewed only once. Appellee asserts that appellants effectively dismissed their already renewed personal injury claims with their first amended complaint, and thus could not again renew them. However, the language of OCGA §§ 9-11-41 (a) and 9-2-61 (a) clearly speaks to the dismissal and renewal of an "action" or a "case," not a *claim* within an action where other claims have also been asserted by the same plaintiffs. See also *American Legion v. Miller*, 183 Ga. 754 (1) (189 SE 837) (1937) (plaintiff's voluntary dismissal terminates case so far as that plaintiff's prayers are concerned). Where less than all of a plaintiff's claims are added or dropped, the additions and deletions are not dismissals and renewals governed by OCGA §§ 9-11-41 (a) and 9-2-61 (a), but simply amendments governed by the liberal amendment rules of OCGA § 9-11-15 (a) and (c). The trial court therefore erred in dismissing the adult appellants' reasserted personal injury claims on the ground that they had been dismissed and could not be renewed again.

*Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority opinion, but I wish to emphasize that nothing in this decision bars the appellants' minor children from commencing new actions regarding their personal injury claims against the appellee. Although the appellants' personal injury claims would have been barred by the applicable statute of limitation had we not concluded that those claims could be added under OCGA § 9-11-15, the limitation period for the claims of the minor children will not begin to run until their disability is removed by reaching the age of majority. OCGA § 9-3-90. Inasmuch as the personal injury claims of the appellants' minor children may be recommenced, the interests of judicial economy would be served by allowing addition of the children to the instant action. However, the requisite consent for such was not obtained pursuant to OCGA § 9-11-21, and the trial court properly disallowed their joinder.

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Kimberly M. Carlisle, Walker & Associates, Betty B. Walker*, for appellants.

*Duncan & Mangiafico, George E. Duncan, Jr., Leslie P.*

*Becknell*, for appellee.