## A96A1107. MANNING et al. v. ROBERTSON et al.
(476 SE2d 889)

Birdsong, Presiding Judge.

After our grant of an interlocutory appeal, J. Robert Manning and Kim Conroy appeal the trial court's order dismissing their cross-claim against L. Taylor Robertson, Robertson-Loia, P.C., and Robertson-Loia-Roof, P.C. The issues in this appeal concern the authority of a plaintiff to dismiss one of several defendants from the action without permission from the trial court and the actions necessary to assert a cross-claim against other defendants.

Manning and Conroy are Gwinnett County employees who, as alleged by plaintiffs below, Nancy Hunt on behalf of her daughter and by the daughter, Jessica Lane, failed to remedy or warn the public of a dangerous situation involving storm water runoff on a street in Gwinnett County. L. Taylor Robertson, Robertson-Loia, P.C., and Robertson-Loia-Roof, P.C. (collectively "the Robertson defendants") designed the allegedly defective storm water drainage and retention systems implemented in an adjacent shopping center. Hunt and Lane sued Manning, Conroy, and the Robertson defendants after Lane suf-

fered a broken neck in an automobile accident that occurred during a period of heavy rainwater runoff.

Subsequently, the Robertson defendants settled with the plaintiffs and Hunt and Lane purported to dismiss their claim against the Robertson defendants on March 27, 1995. Manning and Conroy, on May 19, 1995, filed a pleading that purported to restate and by amendment cross-claim against the Robertson defendants claims for indemnity and contribution, which cross-claims allegedly appeared in their affirmative defenses portion of the original answer. The Robertson defendants moved to dismiss these amendments asserting that Manning and Conroy's original pleadings were not sufficient to put them on notice that a cross-claim was being asserted against them.

The trial court concluded that Manning and Conroy's original answers did not assert cross-claims against the Robertson defendants because the pleadings did not contain demands for judgment against the Robertson defendants for the relief to which Manning and Conroy deemed themselves entitled. See OCGA § 9-11-8 (a) (2) (B). Thus, the trial court concluded there were no cross-claims to amend, and based upon this premise, the trial court viewed the purported amendments to the cross-claim as invalid attempts to assert original cross-claims against persons who were no longer parties to the case. Therefore, the trial court dismissed the pleadings filed on May 19, 1995.

Manning and Conroy now appeal from that order. They contend the trial court erred by dismissing their cross-claims for contribution and indemnity asserted against Robertson-Loia in their first responsive pleading because the cross-claims met the minimum requirements of notice pleadings even though they were mistakenly designated as affirmative defenses. They further assert the trial court erred by dismissing their cross-claims for contribution and indemnity because the Robertson defendants were not effectively dismissed as parties to the action at the time Manning and Conroy amended their answers to state more specifically their cross-claims. They also allege the trial court erred by construing their cross-claims as statements of law rather than cross-claims for contribution and indemnity because such a construction failed to do substantial justice and would effectively deny them any remedy against the Robertson defendants because of the Statute of Ultimate Repose, OCGA § 9-3-51. *Held*:

1. Although not raised by the parties or the trial court, under OCGA § 9-11-21 parties are added or dismissed from an action by order of the court, and this Court has previously held that the dropping of parties requires the exercise of discretion by the trial court. *Cartin v. Boles*, 155 Ga. App. 248, 254 (270 SE2d 799). OCGA § 9-11-41 (a), relied upon by appellees, allows for the voluntary dismissal of

a party's complaint (*Smith v. Mem. Med. Center*, 208 Ga. App. 26, 29 (430 SE2d 57)); it does not provide for the voluntary, unilateral dismissal of a party's claims against some but not all of the parties to an action. See *Young v. Rider*, 208 Ga. App. 147, 148 (430 SE2d 117). "The adding or dropping of parties requires the exercise of a discretion by the court, and, without the requirement that leave of court be obtained in doing so, there could be no exercise of discretion. It is important that the status of parties not be altered or changed save under the supervision of the court. Obtaining leave of court is a requisite." (Citation and punctuation omitted.) *Dollar Concrete Constr. Co. v. Watson*, 207 Ga. App. 452, 453 (428 SE2d 379). Although many cases interpreting OCGA § 9-11-21 concern the adding of parties, we perceive no reason why the same standards should not apply to the dropping of parties. Further our Supreme Court has recognized that "there is a distinction between the provisions of the Georgia rule and the federal rule which suggests that [OCGA § 9-11-41 (a)] could be interpreted to allow a voluntary dismissal only of the entire action. If so, a voluntary dismissal of less than all of several defendants must be accompanied by a ruling of the trial court under [OCGA § 9-11-21] to be effective." *State of Ga. v. Golia*, 235 Ga. 791, 795 (222 SE2d 27).

Although *Smithloff v. Benson*, 173 Ga. App. 870, 875-876 (4) (328 SE2d 759) appears to authorize the dropping of parties without court approval, that case failed to consider the requirements of OCGA § 9-11-21. Thus *Smithloff v. Benson*, supra, is not precedent that OCGA § 9-11-21 does not require court approval to drop parties. *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (114 SE2d 529). See also *Young v. Rider*, 208 Ga. App. 147 (430 SE2d 117). Therefore, it is not a correct statement of our law, and to the extent that *Smithloff v. Benson*, and cases relying upon that case, allow the dropping of parties in a multi-party case without the approval of the trial court, they must be overruled.

Accordingly, we find that as the trial court had not approved the dropping of the Robertson defendants before Manning and Conroy filed their amendments to their answer, the trial court erred by finding that the case had been dismissed as to these defendants before the amendments were filed. Thus, the trial court erred by dismissing the amended cross-claims of Manning and Conroy on this basis.

2. Moreover, we also find that the trial court erred by finding that the affirmative defenses raised in the original answers did not assert cross-claims against the Robertson defendants. In their affirmative defenses, the answers stated claims for indemnification, as follows: "If, in fact, plaintiff has suffered any damage by reason of the facts stated in the plaintiff's complaint or under any theory of liability set forth in said complaint and any and all liability of [Manning and Conroy] having been expressly denied by [Manning and Conroy],

any negligence alleged was the act of negligence of Jessica Lane and/ or [the Robertson defendants or other defendants], and the negligence on the part of [Manning and Conroy], if any, was passive. Accordingly, [Manning and Conroy] have a right of indemnity over and against plaintiff [and the other defendants] for any judgment in favor of plaintiff rendered by a jury against [Manning and Conroy]."

The answers also stated the following claims for contribution: "Alternatively, should it be concluded that [Manning and Conroy] were actively negligent and [that Manning and Conroy's] acts of negligence combined and joined with the acts of negligence of [the plaintiff and the Robertson defendants and other defendants] to produce the alleged event and the alleged damages, if any, then in that event, [Manning and Conroy] are entitled to contribution from [the plaintiff, the Robertson defendants or other defendants] as joint tortfeasors." Also, the ad damnum clauses in both answers in addition to seeking dismissal and costs, contained demands for such other relief as the trial court deemed appropriate.

It is difficult to determine what more the appellees demand of Manning and Conroy in order to state a claim for indemnification or contribution other than declaring a right to such relief and labeling their claims as a "cross-claim." There is no magic in nomenclature, however, in describing pleadings. *Girtman v. Girtman*, 191 Ga. 173 (4) (11 SE2d 782). Under our rules of pleading, it is substance and not mere nomenclature that controls (*McDonald v. State*, 222 Ga. 596 (151 SE2d 121); *Jones v. Spindel*, 128 Ga. App. 88, 103 (196 SE2d 22)); pleadings are judged by their function and not the name given by a party. *Holloway v. Frey*, 130 Ga. App. 224 (202 SE2d 845). Therefore, we do not find that the name given in the original answer was determinative of this issue. Under our notice system of pleading, only a statement of Manning and Conroy's claims was required (OCGA § 9-11-8 (a)), and the pleadings were required to be "construed as to do substantial justice." OCGA § 9-11-8 (f). A claim need not be perfect; it is sufficient if it puts the other party on notice of the claim against him. See *Evans v. City of Atlanta*, 189 Ga. App. 566 (377 SE2d 31). Viewed in this manner, we find that the original answer sufficiently stated cross-claims under our law (see *T. V. Tempo v. T. V. Venture*, 182 Ga. App. 198, 201 (355 SE2d 76): the trial court did not err by treating mistakenly-designated "defenses" as counterclaims), and this trial court erred by concluding otherwise.

*Judgment reversed. Beasley, C. J., McMurray, P. J., Pope, P. J., Andrews, Johnson, Blackburn, Smith, Ruffin and Eldridge, JJ., concur.*

DECIDED OCTOBER 10, 1996 — 

Boyce, Ekonomou & Atkinson, Peter F. Boyce, Richard A. Carothers, John E. Underwood, Sr., Caryl Sumner, for appellants.
Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Gregory H. Wheeler, for appellees.