**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 5, 2024**

# In the Court of Appeals of Georgia

A24A0289. RAZAVI v. EMILY.

HODGES, Judge.

Vickie Marie Emily sued Ehsan Razavi in 2021 contending, among other things, that he had trespassed on her property and removed her belongings without her permission. Her verified complaint alleged trespass, and also sought an injunction, damages, and attorney fees. Following a bench trial, the trial court ruled in Emily's favor, granting a restraining order, finding she had rights of possession and ownership consistent with survey pins delineating property lines, and ordering Razavi to remove encroachments and to pay damages and attorney fees. Razavi appeals, arguing that the trial court erred in (1) denying his application for out-of-state counsel's pro hac vice admission and his resulting motion for a continuance; (2) granting binding relief

against a non-party; (3) recognizing criminal trespass as a private cause of action and, in a related contention, (4) finding a conversion claim where none was pled; and (5) awarding attorney fees to Emily. For the reasons that follow, we affirm in part, reverse in part, vacate in part, and remand the case with direction.

"On appeal from the entry of judgment in a bench trial, the evidence must be viewed in the light most favorable to the trial court's findings of fact." (Citation and punctuation omitted.) *Internal Medicine Alliance v. Budell*, 290 Ga. App. 231, 232 (659 SE2d 668) (2008).

So viewed, the pertinent evidence shows that Emily owns property located at 1079 Key Road, SE, Atlanta, where she has lived for approximately 20 years. Her property is adjacent to 1083 Key Road, SE, Atlanta, which the trial court found Razavi purchased "through control and ownership of a company, ZX14, LLC." Razavi testified that ZX14 has owned the property since 2012. A shared garage sits partially on both properties.

In 2018, after the parties disagreed about ownership of the garage, Emily had the property surveyed. Photographic exhibits and other evidence in the record show the location of survey pins demarcating the boundary line between the two properties.

Emily presented photographic evidence, tendered without objection, that Razavi had placed various vehicles and other items he owned on her side of the property. Emily testified that she did not give him permission to use her side of the garage or her property. She also testified that she told Razavi where the survey pins were and that he needed to stay on his side of the property. Razavi, who appeared pro se, averred he had worked in real estate for 27 years and understood the survey pins depicted the boundary lines. He also admitted that his vehicles were on Emily's property. However, he argued at trial that he owned Emily's side of the garage and some portion of her land through adverse possession because of a fence that had been on Emily's property for 25 years.[1]

Emily additionally testified that either Razavi or people who work for him removed an iron stove and a jacuzzi belonging to her that were on her side of the property, which Razavi denied.

---

[1] Although Razavi asserted at trial that the fence had been on Emily's property for 25 years, his appellate brief asserts that it has been on her property for 20 years. He points to nothing in the record indicating who owns the fence.

Following a bench trial,[2] the trial court found that Razavi had continuously trespassed on Emily's property by, inter alia, having vehicles on her side of the property. It found that Razavi had failed to provide any legal or factual basis for his adverse possession claim, granted Emily's request for a temporary and permanent restraining order, found that Emily had rights of possession and ownership in the property at issue consistent with the survey pins from the 2018 survey, and ordered Razavi to immediately remove encroaching objects and refrain from further trespass. The court also ordered Razavi to remove a garage door at his expense and directed each party to install garage doors consistent with the survey pins. Finally, the trial court awarded Emily attorney fees and damages for the removal of her iron stove and jacuzzi. It denied the remainder of the parties' requests for relief.[3] Razavi appealed.

---

[2] More than a year before trial, in 2022, the trial court held Razavi in contempt for violating a 2021 temporary order requiring him to remove all encroaching items from Emily's property immediately. It also ordered him, pursuant to OCGA §§ 9-15-14 (b) and 13-6-11, to pay Emily $3,200 in attorney fees and expenses.

[3] The trial court also found insufficient evidence to support an award of damages to either party on their mutual assertions of assault and battery. Neither party has appealed that ruling.

1. Razavi argues that the trial court erred in denying an application for out-of-state counsel to be admitted pro hac vice, and in denying his resulting motion for a continuance.[4] We disagree.

We review denials of applications for pro hac admission and denials of motions for a continuance for an abuse of discretion. See *Byrne v. Byrne*, 365 Ga. App. 240, 244 (3) (878 SE2d 95) (2022) (motion for continuance); *2150 Stewart Ave., Inc. v. State*, 173 Ga. App. 407 (2) (326 SE2d 579) (1985) (pro hac admission).

Out-of-state counsel applied for pro hac admission on June 1, 2023, and on June 16, 2023, the trial court denied the motion in a one-sentence order, citing its discretion pursuant to Uniform Superior Court Rule 4.4. Razavi neither moved for reconsideration nor challenged this order until the day of trial, nearly a month later, on July 11, 2023, when he appeared pro se at trial and asked for a continuance during opening statements. He told the trial court he did not have time or money to search for a new attorney and that the out-of-state attorney seeking pro hac admission had represented him for three years. Opposing counsel objected, pointing out that Razavi

---

[4] Razavi attempts to rely on a criminal case to support this enumeration. This case is inapposite. See *Jackson v. State*, 342 Ga. App. 689, 693 (805 SE2d 457) (2017) (discussing various rules of evidence, including a trial court's failure to exercise its discretion under OCGA § 24-4-403).

previously had several Georgia attorneys who had withdrawn from the case and that Rasavi had shown no effort to hire another Georgia attorney. Counsel also averred that his client wished to try the matter that day as scheduled because a witness already had been subpoenaed.[5] The trial court denied the motion "based on the age of the case, . . . [because] the case is on the calendar, the parties are here, witnesses have been subpoenaed[;] we will move forward."

Uniform Superior Court Rule 4.4 (D) (3) (a) provides that a pro hac application "ordinarily should be granted unless the court or agency finds reason to believe that such admission: . . . may be detrimental to the prompt, fair and efficient administration of justice[.]" Given that the Razavi did not seek a continuance until after trial had begun, and the trial court in its oral denial noted the age and calendaring of the case, and that parties were present and witnesses subpoenaed, we find no abuse of discretion. See id.; *2150 Stewart Ave., Inc.*, 173 Ga. App. at 407 (2).

---

[5] Since Emily filed her complaint against Razavi on July 13, 2021, the record shows Razavi had retained three attorneys licensed in Georgia to represent him. The first entered an appearance on December 13, 2021, and the trial court granted his motion to withdraw on April 19, 2022; the second and third entered appearances on July 6, 2022, and the trial court granted their motions to withdraw on January 17, 2023. The record shows no other attorneys attempted to enter an appearance until the out-of-state attorney applied for pro hac admission six months later.

2. In a wide-ranging, compound enumeration,[6] Razavi asserts that the trial court erred in not joining ZX14, of which he is "a manager[,]" as a necessary party because it is the owner of the real property at issue. He argues that for this reason, the court erred in setting the boundary line of the property and granting other relief that affects ZX14 as a non-party.[7]

> However, the defendant [Razavi] did not move to dismiss the complaint based on the failure to join a necessary party, see OCGA §§ 9- 11-12 (b) (7), 9-11-19, and [ZX14] did not appear or move to intervene in the proceedings in the trial court, see OCGA § 9-11-24. In addition, [ZX14] did not request special permission to participate in the appeal even though [it] is a non-party, and the defendant [Razavi has] not even attempted to explain why [he] might have third-party standing to press arguments on [ZX14's] behalf. See *Lockey v. Bennett*, 244 Ga. 339, 340

---

[6] Embedded in this enumeration is the contention that the trial court erred in finding that Razavi trespassed on Emily's property because, inter alia, Emily failed to show he "knowingly" entered her property. "[A] party cannot expand its enumerations of error through argument or citation in its brief. Hence, [Razavi] has waived and abandoned this assertion of error for purposes of appeal." (Citation and punctuation omitted.) *Stockbridge Dental Group v. Freeman*, 316 Ga. App. 274, 275, n. 2 (728 SE2d 871) (2012).

[7] Further, to the extent that Razavi also means to argue that the trial court erred in denying his claim of adverse possession over Emily's property, Rasavi has not enumerated this contention as error. Again, parties may not expand enumerations via argument or citation, and this contention is therefore abandoned. *Stockbridge Dental Group*, 316 Ga. App. at 275, n. 2.

(260 SE2d 56) (1979) ("'Only parties to the proceeding below may be parties on appeal.'" (citation omitted)); *Feminist Women's Health Center v. Burgess*, 282 Ga. 433, 435 (651 SE2d 36) (2007)[8] (adopting the federal test for third-party standing).

*Bishop v. Patton*, 288 Ga. 600, 603 (2) (706 SE2d 634) (2011) (declining to consider enumerations of error asserted by party arguing that non-party was being wrongfully enjoined from selling property and finding "meritless" claims that interlocutory injunction wrongfully prevented withdrawals from bank accounts partially owned by non-party), disapproved in part on other grounds by *SRB Investment Svcs. v. Branch Banking and Trust Co.*, 289 Ga. 1, 5 (3), n. 7 (709 SE2d 267) (2011). This enumeration lacks merit.

3. In this portion of a compound enumeration, Razavi asserts that the trial court erred in recognizing a private cause of action for criminal trespass.

Razavi correctly notes that one of the counts of Emily's complaint is entitled "Criminal Trespass." In that count she pleads, inter alia, that he (i) entered her property without permission, removing items without permission and causing

---

[8] Disapproved in part on other grounds by *Cobb County v. Floam*, 2024 Ga. LEXIS 109, *9 (1) (May 9, 2024).

damage; (ii) parked vehicles on her property without her consent, preventing her from using her property; and (iii) deprived her of access and ingress-egress to her property. As a result, she sought compensatory damages.

As Razavi points out, criminal trespass and civil trespass are different causes of action.[9] This count of Emily's complaint, despite its nomenclature, asserts claims applicable in the civil trespass context. It is well settled that our appellate courts look to the substance of a pleading, not merely its nomenclature. *Manning v. Robertson*, 223 Ga. App. 139, 142 (2) (476 SE2d 889) (1996); see also *Bell v. Sasser*, 238 Ga. App. 843, 851 (2), n. 5 (520 SE2d 287) (1999) (finding that although claim was pled as fraud, it appeared to be one for breach of contract and would be analyzed as such on appeal). Further, nothing in the trial court's order or in the record indicates that, despite the nomenclature of Emily's pleading, it viewed the claim as one for criminal, rather than civil, trespass. It is well settled that we presume, absent some indication otherwise in the record, that trial judges know the law and apply it in making their decisions. See

---

[9] See, e.g., OCGA § 51-9-1 et seq. (civil trespass statutes); OCGA § 16-7-21 (criminal trespass statute); see generally *Goia v. CitiFinancial Auto*, 499 Fed. Appx. 930, 937 (II) (11th Cir. 2012) (discussing the differences between civil and criminal trespass, and the remedies for each under Georgia law).

*Winslow v. State*, 315 Ga. 133, 140-141 (2) (880 SE2d 530) (2022).[10] This claim of error fails.

4. In a continuation of his argument regarding trespass, Razavi contends that because there is no civil cause of action for the criminal trespass pled in Emily's complaint, her claim sounds in conversion, which she likewise did not plead. As a result, he argues, the trial court erred in finding that he converted her property, that the evidence was insufficient to show conversion, and that the trial court erred in awarding damages to Emily on this basis.

(a) *Conversion*. Again, Razavi is correct that Emily's complaint never uses the word "conversion." However, "[a] complaint is not required to set forth a cause of action, but need only set forth a claim for relief." (Citation and punctuation omitted.) *Medlin v. Morganstern*, 268 Ga. App. 116, 120-121 (b) (601 SE2d 359) (2004).

> Conversion is an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to her rights. To make out a prima facie case of conversion, a plaintiff must show that she has title to the property, that the defendant wrongfully

---

[10] Razavi does not argue that the trial court erred in finding that he committed the tort of trespass, so we do not address the matter further.

possessed it, and that she demanded possession but the defendant refused to surrender it.

(Citation and punctuation omitted.) *Dierkes v. Crawford Orthodontic Care*, 284 Ga. App. 96, 98 (2) (a) (643 SE2d 364) (2007). In her complaint, Emily alleged that Razavi removed her jacuzzi and antique cast iron stove and "damaged other property" in her garage, and the trial court, without explicitly making any finding of conversion, awarded her $1,500 in damages on this basis.

(b) *Evidentiary sufficiency*. Razavi argues that Emily failed to show he was the person who took her items. We agree.

As noted above, we view the evidence in the light most favorable to the trial court's factual findings. *Internal Medicine Alliance*, 290 Ga. App. at 232.

Emily testified that either Razavi or his workers removed her items without her permission, but that she did not know what Rasavi had done with them. Emily acknowledged she did not see anyone take her items but averred that Razavi or his co-workers must have done so, pointing to a video exhibit in the record where her daughter states that Rasavi took a cast iron stove from the garage. Emily cites to nothing in the video or other parts of the record indicating the basis for this statement.

11

Another witness, Diana Otanes, testified that one night in January 2022, she was walking to Emily's property to retrieve something and saw Razavi and another man cutting the bolt off Emily's garage doors; Razavi was "holding the bolt cutters[.]" The men noticed Otanes watching them, and "they started putting stuff back into the garage." Emily testified that the items were removed "about two weeks" after Razavi took ownership of the property; as noted above, Razavi testified that ZX14 acquired the property in 2012. Razavi testified that "nobody took any of her stuff; none of the workers took any of her stuff."

"[B]efore a plaintiff in a civil case can have a verdict in [her] favor supported solely by circumstantial evidence, such evidence must be such as to reasonably establish the theory relied upon, and to preponderate to that theory rather than to any other reasonable hypothesis." (Citation, punctuation, and emphasis omitted.) *Handberry v. Manning Forestry Svcs*., 353 Ga. App. 150, 156 (1) (836 SE2d 545) (2019). As a result, a party on whom a burden of proof rests may meet that burden with circumstantial evidence only if such evidence "tend[s] in some proximate degree to establish the conclusion[s] [s]he claims" and "also render[s] less probable all inconsistent conclusions." (Citation and punctuation omitted.) *Allen Kane's Major*

*Dodge v. Barnes*, 243 Ga. 776, 780-781 (257 SE2d 186) (1979). "Facts which are consistent with either of two opposing theories prove nothing. . . . So, where evidence is not more than a scintilla, if it is dependent entirely upon guess or speculation, it is insufficient to support a verdict." *Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103) (1956). Here, given the very limited circumstantial evidence presented, the lack of evidence regarding the bases for both Emily's and Emily's daughter's statements, and the 10-year time-gap between when Emily testified Razavi removed her property and when Otanes saw Razavi and another man opening the garage with bolt cutters and moving items out and then back in, we must conclude that Emily's evidence that Razavi took her stove and jacuzzi is "not more than a scintilla[.]" Id. Accordingly, we reverse the trial court's award of $1,500 damages to Emily.

5. Razavi argues that the trial court erred in awarding $18,500 in attorney fees to Emily because the court did not state the basis for the award or the statutory provision under which it was awarding the fees; nor did it indicate that it allocated fees only to Razavi's successful claims. For the reasons that follow, we vacate and remand.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76)

13

(2003). Emily's complaint sought attorney fees for "bad faith" and "substantial unnecessary trouble and expense" related to Razavi's "conduct in the premises[,]" but specified no statutory basis for her request. The trial court granted fees without stating any basis for the award, without making any findings regarding the reasonableness of the fees, without including findings of fact and conclusions of law, and without citing to any statutory provision. See generally *Dave Lucas Co. v. Lewis*, 293 Ga. App. 288, 293-294 (5) (666 SE2d 576) (2008) (discussing requirement that recipient of fees prove value of fees related to successful claims); *In re Serpentfoot*, 285 Ga. App. 325, 328 (4) (646 SE2d 267) (2007) (outlining requirements and parameters for attorney fee award pursuant to OCGA § 9-15-14 (b)); see also *Tuggle v. Ameris Bank*, 363 Ga. App. 600, 608 (1) (c) (872 SE2d 1) (2022) (discussing attorney fee awards under OCGA § 13-6-11 when trial court sits as a trier of fact); *Ambrosio v. Giordano*, 358 Ga. App. 764, 765 (1), 770 (4) (856 SE2d 349) (2021) (discussing attorney fee awards under OCGA § 13-6-11 where party withdrew jury trial demand). Accordingly, the case is remanded to the trial court for any necessary proceedings consistent with this opinion, for a statement of the statutory basis for the award, and for any findings necessary to support it. See *Moon*, 277 Ga. at 379 (6).

14

In sum, we affirm the trial court's denial of the application for pro hac vice admission and motion for a continuance, its finding that Emily has rights of possession and ownership consistent with the survey pins from the 2018 survey, and its determination that Razavi civilly trespassed on Emily's property. We reverse the trial court's grant of $1,500 in damages to Emily. We vacate the portion of the trial court's order awarding attorney fees to Emily, and remand the matter to the trial court with direction.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction. Doyle, P. J., and Watkins, J., concur.*