## 56486. SPEIGHT v. THE STATE.

BIRDSONG, Judge.

The appellant was convicted of distributing obscene materials in violation of Code Ann. § 26-2101. *Held:*

1. Enumerated error No. 1 is unsupported by argument or citation of authority and is therefore deemed abandoned. *Cochran v. Baxter,* 142 Ga. App. 546, 547 (236 SE2d 528).

2. Appellant's constitutional attacks on Code Ann. § 26-2101 have been resolved adversely to him in *Pierce v. State,* 239 Ga. 844 (239 SE2d 28). Enumerated errors Nos. 2 and 4 are without merit.

3. Appellant objects to the warrantless seizure of, among other items, dildos and artificial vaginas. These devices were within the proscriptions of Code Ann. § 26-2101 and were therefore obscene as a matter of law. As the devices seized were at the time of seizure within the plain view of the confiscating officers, no warrant was required. *Underwood v. State,* 144 Ga. App. 684 (242 SE2d 339). As to printed materials allegedly protected by the First Amendment, the evidence shows that these items

were in fact purchased by arresting officers, not seized as appellant contends, and the trial court did not err in denying appellant's motion to suppress these items. *Wood v. State,* 144 Ga. App. 236 (240 SE2d 743).

4. Appellant's objection to a portion of the trial court's charge to the jury was decided adversely to him in *Wood v. State,* supra, p. 237 (4).

5. Code Ann. § 26-2101 proscribes the distribution of obscene materials "to any person." The trial court defined for the jury the phrase "any person" as "any person, regardless of age, sex, race, religion. It includes adults as well as minors." This definition was clearly within the plain meaning of the statute and was not error.

6. The trial court charged the jury verbatim the elements of Code Ann. § 26-2101 as to the definition of "obscene material." This charge was a correct statement of the law, *Trotti v. State,* 144 Ga. App. 648 (242 SE2d 270), and furthermore substantially embodied the principles contained in appellant's request to charge. The trial court did not err in refusing to charge the jury in the precise language requested by appellant when the charge given embodied the correct principles of law. *Pollard v. State,* 236 Ga. 587 (224 SE2d 420); *Hostetler v. State,* 145 Ga. App. 55 (243 SE2d 256).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 14, 1978 —

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, Andrew J. Hairston, Leonard W. Rhodes, James L. Webb, Assistant Solicitors,* for appellee.