58485. TERRY v. THE STATE.

Banke, Judge.

Appellant was convicted of distributing obscene material in violation of Code Ann. § 26-2101. As both projectionist and ticket seller at the "Gay Paree Cinema" in Atlanta, he was originally charged in four separate counts with showing the allegedly obscene films "Gay Divorcee" and "Operation Lightning Rod" as well as the "coming attraction" films for "Jack Deveau Drive" and

"Rough Trades." These were shown in succession on the same bill for one price of admission. Prior to trial, appellant moved that the state be compelled to elect which one of the four counts would be tried, contending that one crime was being charged four separate ways. The trial court reserved its ruling until completion of the state's case, at which time counts 1 through 4 were merged for the jury's consideration as one count. Appellant enumerates as error both the merger and the denial of his motion to require election. *Held:*

1. Whether or not the appellant could have been properly convicted of separate counts as originally charged is a moot question under the facts of this case. The decision to hold in abeyance its ruling on the appellant's motion until the state presented its case was a matter within the trial court's sound discretion. We find no abuse of that discretion. Any possible error was cured when the trial court acceded to defendant's request to consolidate the four counts into one. "It is permissible to embrace in a single count multiple commissions of the same crime, if of the same type. Such a count does not charge separate offenses, but includes only one offense . . . In this case, the jury could lawfully return a finding of guilty . . . upon being convinced beyond reasonable doubt that any one of the . . . (films) was obscene." *Robinson v. State*, 143 Ga. App. 37, 39 (237 SE2d 436) (1977). The first two enumerations of error are without merit.

2. Appellant also argues that expert opinion evidence was required to aid the jury in its deliberations because the films in question, which depicted interracial homosexual activities, were prepared for a "defined deviant sexual group" rather than the public at large, and the jurors would not know the reaction of that group to the films. A similar argument was rejected by the United States Supreme Court in Mishkin v. New York, 383 U. S. 502 (86 SC 958) (1965). "The films, obviously, are the best evidence of what they represent." Paris Adult Theatre I v. Slaton, 413 U. S. 49 (3) (1972). Accord, Hamling v. United States, 418 U. S. 87 (1973). This enumeration of error is without merit.

3. Appellant also assigns as error the trial court's refusal to allow defense counsel to argue to the jury that it

could disregard the law. The ruling of the trial court was proper. See *Rouse v. State,* 136 Ga. 356 (6) (71 SE 667) (1911). The authority cited by appellant in support of his contention, *Jones v. State,* 235 Ga. 103 (4) (218 SE2d 899) (1975), does not suggest a contrary result.

4. Appellant's remaining enumerations of error, directed to the court's charge to the jury, are also without merit. The trial court's charge was legally correct and substantially embodied the principles appellant complains were lacking. See *Speight v. State,* 148 Ga. App. 87 (251 SE2d 36) (1978). Appellant's complaint concerning the court's charge on constructive knowledge was decided adversely to him in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187) (1977).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979 — REHEARING DENIED NOVEMBER 15, 1979 — ▮▮▮▮▮▮▮

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.