59250. CABARET AFTER DARK, INC. v. THE STATE.

CARLEY, Judge.

Appellant appeals its conviction of two counts of distributing obscene materials.

1. Citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), appellant enumerates as error the giving of a burden-shifting charge. The alleged erroneous instruction, in its entirety, was as follows: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, in this case its acts, but the presumption may be rebutted." The trial court further instructed: "A person or a corporation will not be

presumed to act with criminal intention, but you may find some intention upon consideration of the words, conduct, demeanor, motive and all of the other circumstances that are connected with the act for which the accused corporation is being prosecuted." This enumeration is without merit. *Skrine v. State,* 244 Ga. 520 (260 SE2d 909) (1979).

2. Appellant argues that expert opinion evidence was required to aid the jury in its deliberations because the magazines in question, which depicted homosexual activities, were prepared for a "defined deviate sexual group" rather than the public at large, and the jurors would not know the reaction of that group to the magazines. Since the state failed to produce such expert testimony, appellant urges that its motion for directed verdict was erroneously overruled. There was no error. *Terry v. State,* 152 Ga. App. 344, 345 (2) (262 SE2d 899) (1979).

3. Appellant enumerates the failure to give one of its requests to charge. We have reviewed the charge, as given, in its entirety and find it to be full, fair and overall a model of clarity on the issues presented for jury resolution, substantially embodying the principles contained in appellant's request. "The trial court did not err in refusing to charge the jury in the precise language requested by appellant when the charge given embodied the correct principles of law. [Cits.]" *Speight v. State,* 148 Ga. App. 87, 88 (251 SE2d 36) (1978).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED MARCH 21, 1980— REHEARING DENIED APRIL 1, 1980 —

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor Leonard W. Rhodes, Assistant Solicitor,* for appellee.