68346. 134 BAKER STREET, INC. v. THE STATE.
(324 SE2d 575)

POPE, Judge.

Appellant 134 Baker Street, Inc. brings this appeal from its conviction of distributing obscene material. *Held*:

1. Appellant's first enumeration assigns error to the trial court's charge on "community standards." OCGA § 16-12-80 (b) provides in

part: "Material is obscene if: (1) To the average person, applying contemporary community standards, taken as a whole, it predominantly appeals to the prurient interest. . . ." After instructing the jury as to this statute, the court charged "that the phrase 'community standards' as used in this law refers to what is accepted or approved of by the average adult person in the community from which you come. 'Community standards' refers to what is tolerated by the community only in the sense of what is accepted and approved." Appellant argues that the trial court's use of the word "approved" in the foregoing charge was impermissible as "more narrow and restrictive" than the concept of tolerance laid down in Smith v. United States, 431 U. S. 291 (97 SC 1756, 52 LE2d 324) (1977).

The Supreme Court in Smith, 431 U. S. at 305, supra, held "that contemporary community standards must be applied by juries in accordance with their own understanding of the *tolerance* of the average person in their community. . . ." (Emphasis supplied.) In the same opinion the Court noted without further comment that the district court had "instructed the jury that contemporary community standards were set by what is in fact *accepted* in the community as a whole." (Emphasis supplied.) Id. at 297-98. This court has sanctioned the use of the word "acceptance" in lieu of the word "tolerance" "when charged to a jury in the context of instructions concerning the difficult legal concept of 'community standards'. . . ." *Brown v. State*, 156 Ga. App. 201, 202 (274 SE2d 572) (1980). It has been held that community standards are aggregates of the *tastes* and *attitudes* of average people — people who are neither particularly susceptible or sensitive nor indeed totally insensitive. Miller v. California, 413 U. S. 15, 33 (93 SC 2607, 37 LE2d 419) (1973). A person's attitude is necessarily formed by what he approves of, or finds acceptable, as well as what he disapproves of, or finds unacceptable. Even the fact that a state law permits a given kind of conduct does not necessarily mean that people within that state *approve* of the permitted conduct. United States v. Danley, 523 F2d 369 (2) (9th Cir. 1975), cert. den., 424 U. S. 929 (1976). " 'The primary concern with requiring a jury to apply the standard of the "average person, applying contemporary standards" is to be certain that . . . *it will be judged by its impact on the average person.*' Miller v. California, 413 U. S. at 30 . . . In short, the concern is indeed on the material['s] impact upon the community as measured by the average member of the community. This point is made even clearer in Jenkins v. Georgia, 418 U. S. 153 (94 SC 2750, 41 LE2d 642) (1974), where the [C]ourt noted that Miller requires triers of fact '. . . to decide whether the average person . . . would consider certain materials prurient.' " United States v. Battista, 646 F2d 237, 245-46 (6th Cir.), cert. den., 454 U. S. 1046 (1981). We conclude that the charge objected to here is in substantial compliance

with the definition of community standards set forth by the Supreme Court in Smith and Miller, supra. Therefore, we cannot say that the charge as given constitutes harmful or reversible error. See *Stancil v. State*, 155 Ga. App. 731 (6) (272 SE2d 511) (1980), cert. den., Stancil v. Georgia, 451 U. S. 975 (1981). See also *Dyke v. State*, 232 Ga. 817, 826 (209 SE2d 166) (1974); *Williams v. State*, 157 Ga. App. 494 (8) (277 SE2d 781) (1981), and cits.

2. The trial court charged the jury: "The prurient interest requirement is met if the dominant theme of the material, taken as a whole, appeals to the prurient interest in sex of the members of a clearly defined deviant group." Appellant argues that this charge is error because the State failed to come forward with evidence to guide the jury in its deliberations, "since jurors cannot be presumed to know the reaction of such groups to stimuli as they would that of the average person."

Affirmative evidence that the subject magazine is obscene, by the use of expert testimony or otherwise, is not necessary where, as here, the magazine itself is placed in evidence. See *Terry v. State*, 152 Ga. App. 344 (2) (262 SE2d 496) (1979), and cits. The magazine in question, "AC·DC, Vol. 5, No. 1," primarily depicts two women, and occasionally the women and a man, engaging in sexual activity with each other. Thus, we are not presented in this case with a situation in which the contested material is directed at such a bizarre deviant group that the trier of fact would be plainly inadequate to judge whether the material appeals to the prurient interest. We therefore find appellant's assertion of error to be entirely lacking in merit. See *Cabaret After Dark, Inc. v. State*, 154 Ga. App. 205 (2) (267 SE2d 843) (1980); Hamling v. United States, 418 U. S. 87, 127-30 (94 SC 2887, 41 LE2d 590) (1974).

In a related enumeration, appellant cites as error the court's charge that "the State may or may not call in experts to testify that materials are obscene in a case where the materials themselves are actually placed in evidence." This charge, under the facts in this case, is correct as an abstract principle of law (see *Terry v. State*, supra) and followed proper instructions as to the weight of expert testimony in general. In light of the fact that only the defense produced an expert witness and the fact that the subject magazine was not directed at such a bizarre deviant group that the experience of the trier of fact would be plainly inadequate to judge whether the material appeals to the prurient interest, the charge was applicable to the issues raised by the evidence. Finally, the charge did not constitute an expression of opinion by the court as proscribed by OCGA § 17-8-55. It follows that the trial court did not err in so instructing the jury. See also *Thurmond v. Billingsley*, 88 Ga. App. 21 (4) (75 SE2d 827) (1953).

3. Appellant's assertion that the trial court's charge of OCGA §

16-12-80 (d) was not authorized by the evidence is not supported by the record and, thus, provides no ground for reversal. See *Brown v. State*, supra at (5).

4. The record discloses no undue emphasis on the principles of law contained in OCGA § 16-12-80 (b) (3) resulting from the trial court's recharge of that Code section in order to correct a slip of the tongue. Appellant's contentions to the contrary are meritless. See *Brown v. State*, supra.

5. Appellant cites as error the trial court's admitting State's Exhibit 3 into evidence. State's Exhibit 3 is a certified copy of a civil action filed in federal court by appellant and others seeking declaratory and injunctive relief and damages against various state and local law enforcement organizations and several individual law enforcement officers. The State sought to admit the exhibit on the basis that the pleadings contained relevant admissions by appellant that it did business at the address where the subject obscene material was purchased. Appellant objected to the exhibit at trial on the grounds that it was hearsay and the pleadings therein were not verified. Appellant argued: "The only way it is admissible is if it is sworn to by a party. And it is not sworn to by any party. . . ."

Our Supreme Court has held that, under its ruling in *Lamar v. Pearre*, 90 Ga. 377 (17 SE 92) (1892), "statements contained in a petition, plea or answer filed in a civil case, and signed by counsel, though not verified or signed by the person apparently represented by such counsel, would be admissible against him in the trial of another civil case to which such person was a party. That ruling, however, is not applicable to criminal cases. Admissions by agents or attorneys are not admissible in criminal cases in the sense in which they are admissible in civil cases. [Cits.] They should not be treated as evidence against the accused unless shown to have been authorized by him." *Farmer v. State*, 100 Ga. 41, 45-6 (28 SE 26) (1896). For example, civil pleadings which have been subscribed and sworn to (i.e., verified) by an accused are admissible into evidence in a criminal proceeding against him. *George v. State*, 103 Ga. App. 598 (2) (120 SE2d 55) (1961). Applying the rule in *Farmer* to State's Exhibit 3, it would appear that the trial court erred in admitting the document as evidence in this case over appellant's objection. Compare *Whisenhunt v. State*, 156 Ga. App. 583 (3) (275 SE2d 82) (1980), and *Bohin v. State*, 156 Ga. App. 206 (1) (274 SE2d 592) (1980), wherein documents similar to State's Exhibit 3 were admitted into evidence over objections not relating to the rule in *Farmer*, and no objections to the documents were enumerated as error on appeal. However, while several grounds are asserted on appeal, appellant does not argue here the ground asserted at trial. Arguments raised for the first time after verdict cannot be considered, and grounds raised at trial but not argued before this

court are deemed abandoned. *House v. State*, 227 Ga. 257 (1) (181 SE2d 31) (1971). See *Pass v. State*, 227 Ga. 730 (16) (182 SE2d 779) (1971). Thus, this enumeration of error presents no question for consideration on appeal.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 27, 1984.

*William A. Morrison*, for appellant.
*James L. Webb, Solicitor, Charles S. Hunter, Assistant Solicitor,* for appellee.