**WHOLE COURT**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A0978. RICHARDSON v. LOCKLYN.

BOGGS, Judge.

Freida Latrice Richardson appeals the trial court's denial of her motion for attorney fees under Georgia's "offer of settlement statute," OCGA § 9-11-68. For the reasons that follow, we vacate the judgment and remand this case for an evidentiary hearing on the request for attorney fees pursuant to that Code section.

In May 2014, Quandra Nicole Locklyn sued Richardson for damages allegedly arising from a 2012 automobile collision. Specifically, Locklyn sought recovery for her medical bills, lost wages, and pain and suffering. During discovery, Locklyn produced medical bills totaling $18,927.25. The bills covered ambulance services and hospital care that she received on the day of the collision, as well as further medical treatment that she sought later. In July 2014, Richardson sent Locklyn a formal offer

under OCGA § 9-11-68 to settle her claims for $12,500.00. Locklyn rejected the offer.

At trial, Richardson stipulated to her liability, but she disputed the extent of Locklyn's injuries and whether those injuries were caused by the collision. Locklyn testified that she felt pain in her leg and head immediately after the collision, was given arm and neck braces in the emergency room, and subsequently followed up with specialists. She claimed that she had ongoing pain and numbness in her hands and feet as a result of the collision. Locklyn presented no evidence concerning any lost wages.

On cross-examination, Locklyn admitted that she had been "disabled" for the past five years for other reasons, that she had suffered a lower back injury in 2010, and that she had been in a single-car accident in 2013. Locklyn called no expert or lay witnesses to provide any further evidence about the nature or cause of her injuries. The jury returned a $6,948.25 verdict for Locklyn, which was the total amount of her bills for ambulance services and hospital treatment on the day of the collision.

After trial, Richardson filed a motion for attorney fees and litigation expenses pursuant to OCGA § 9-11-68, based on Locklyn's rejection of her settlement offer. Locklyn filed a response to the motion asserting that the offer was not made in good

2

faith "based on medical expenses incurred and the liability of [Richardson]." Richardson did not respond to Locklyn's assertion that the offer of settlement was not made in good faith, and the trial court subsequently denied her motion for attorney fees pursuant to OCGA § 9-11-68, ruling as follows:

> [A]t the time the Defendant made the settlement offer of $12,500, the Plaintiff's medical expenses were $18,927.25, exceeding the offer. This amount was known to the Defendant at the time of the offer and disclosed during the discovery period and was not a reasonable offer or a realistic assessment of liability. Additionally, the Defendant stipulated to liability at trial and thus there were no issues of liability in dispute. For the foregoing reasons, the Court finds that the offer to settle made by the defendants [sic] was not in good faith based upon the overall record and evidence presented at trial.

Richardson appeals.

If a defendant makes a written offer to settle a tort claim in accordance with OCGA § 9-11-68 (a),[1] and the plaintiff rejects the offer,

> the defendant *shall be entitled* to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through

---

[1]OCGA § 9-11-68 (a) sets forth a number of requirements for such offers. Locklyn does not dispute that Richardson's offer met those requirements.

the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

(Emphasis supplied.) OCGA § 9-11-68 (b) (1). If the defendant provides proof to the court that the foregoing provision applies to the judgment, then the court "*shall* order the payment of attorney's fees and expenses of litigation." (Emphasis supplied.) OCGA § 9-11-68 (d) (1). The court, however, may disallow an award of otherwise eligible fees and expenses if it "determine[s] that an offer was not made in good faith in an order setting forth the basis for such a determination." OCGA § 9-11-68 (d) (2).[2]

It is undisputed that Richardson was entitled to an award of attorney fees and expenses under OCGA § 9-11-68 (b) (1), because Locklyn's jury verdict was less than 75 percent of the settlement offer. Nonetheless, the trial court declined to enter such an award because it concluded that Richardson's offer was not made in good faith based upon the relationship between the amount of the offer and Locklyn's medical expenses, as well as Richardson's admission of liability. Whether these

---

[2]OCGA § 9-11-68 (d) (2) provides in full: "If a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs."

4

objective factors are sufficient to support a finding of a lack of good faith is problematic given that good faith is not defined in the statute and there is a dearth of caselaw in Georgia interpreting its meaning.

Georgia's offer of settlement statute, part of the Tort Reform Act of 2005, is modeled after Florida's offer of judgment statute, Fla. Stat. § 768.79,[3] and both statutes authorize a trial court to disallow attorney fees based upon a finding that an

_____

[3]Fla. Stat. § 768.79 (6) (a) provides:
If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

Section (7) (a) of Fla. Stat. § 768.79 states: "If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."

offer was not made in good faith.[4] See Merritt E. McAlister, "The Swift, Silent Sword Hiding in the (Defense) Attorney's Arsenal: The Inefficacy of Georgia's New Offer of Judgment Statute as Procedural Tort Reform," 40 Ga. L. Rev. 995, 1010-1011 (III) n.61 (2006); Fla. Stat. § 768.79. We therefore look to our sister state for guidance in its application. Cf. *Zaldivar v. Prickett*, 297 Ga. 589, 598-599 (1) (774 SE2d 688) (2015) (considering "judicial understandings" of other jurisdictions with apportionment statutes similar to that of Georgia). Florida courts have held that

> [w]hether the offeror has good faith rests on whether the offeror has a reasonable foundation on which to base the offer. So long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied. In the context of a nominal offer of judgment, this court has held that where the offeror has a reasonable basis to believe that exposure to liability is minimal, a nominal offer is appropriate. Whether the offeror has a reasonable basis to support the offer is determined solely by the subjective motivations and beliefs of the offeror. In making this determination, the trial court is not restricted to the testimony of the offeror attesting to good faith; rather, the court may properly consider

---

[4]Florida's Rule of Civil Procedure 1.442 (Proposals for Settlement), subsection (h) (1), also authorizes a trial court in its discretion to disallow an award of costs and attorneys' fees even though a party is entitled to them pursuant to Florida law, if it determines that "a proposal was not made in good faith."

6

> objective evidence of facts and circumstances that suggest whether the offeror made the offer with subjective good faith.

(Citations and punctuation omitted.) *Arrowood Idem. Co. v. Acosta, Inc.*, 58 So3d 286, 289 (Fla. Ct. App. 2011). See also *Gawtrey v. Hayward*, 50 So3d 739 (Fla. Ct. App. 2010); *Gurney v. State Farm Mut. Auto.*, 889 So2d 97 (Fla. Ct. App. 2004). "Several types of objective evidence have been found relevant to a finding of good faith," *Arrowood*, supra, including (1) whether "the offer bore no reasonable relationship to the amount of damages or [(2)] a realistic assessment of liability, or [(3)] that [the offeror] lacked intent to settle the claim." See *Allstate Ins. Co. v Manasse*, 715 So2d 1079, 1082 (Fla. Ct. App. 1998). Other examples of objective evidence include whether the offer was made prematurely based upon the amount of discovery completed, see *Gawtry*, supra, 50 So3d at 743 (III), the plaintiff's medical records, independent medical examination reports, and the amount of property damage. See *Gurney*, supra, 889 So2d at 100.

While Florida courts may consider objective evidence, they cannot base a ruling "exclusively on the objective factors." *Arrowood*, supra, 50 So3d at 290. Instead, they are "required to consider [the offeror's] explanation and then determine whether, despite consideration of the objective factors . . . [the offeror] had a

7

subjectively reasonable belief on which to base its offer." (Citations and punctuation omitted.) Id. at 289. "The fact that [an] offer was nominal in amount is not necessarily determinative of the issue of good faith." (Citations and punctuation omitted.) *Gawtry*, supra, 50 So3d at 743 (II).

In determining whether a party is entitled to attorney fees pursuant to the offer of settlement statute including whether an offer was made in good faith, a Florida appellate court has required a hearing on the issue. See *Schapiro v. Rubinson*, 784 So2d 1135, 1137 (Fla. Ct. App. 2005); compare *Menchise v. Senterfitt*, 532 F.3d 1146, 1153-1154 (III) (11th Cir. 2008) (11th Circuit taking position that *Schapiro* does not require a hearing in a bankruptcy case, but noting "a hearing might be necessary if . . . the court is inclined to deny a motion for attorney's fees on the basis of a bad faith offer.")[5] See also *Gawtry*, supra, 50 So3d at 742 (I); *Gurney*, supra, 889 So2d at 100. Additionally, Florida courts have held that the burden is on the *offeree*, or the person seeking to avoid the payment of attorney fees, to prove the absence of good faith. *Gawtry*, supra, 50 So3d at 99-100 (II).

---

[5]We have found no Florida law in our research from which it can be determined that the trial court did not hold a hearing on a motion for attorney fees pursuant to Fla. Stat. 768.79.

In *Bell v. Waffle House, Inc.*, 331 Ga. App. 443, 445 (771 SE2d 132) (2015), our court considered whether a hearing should be required where a party seeks attorney fees pursuant to OCGA § 9-11-68, but we did not decide the issue in light of the fee opponent's waiver. We now hold that a hearing is required for the trial court to determine whether fees will be awarded pursuant to that Code section.

As explained in *Bell*,

> with respect to other statutes awarding attorney fees, such as OCGA § 9-15-14, the Supreme Court has held that even in the absence of a hearing requirement in the Uniform Superior Court Rules, a hearing *is* required in order to enter an award of attorney fees. That is because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services. Likewise, in the context of an award under OCGA § 14-2-1604, which contains an automatic fee award under certain conditions and also lacks an explicit hearing requirement, this Court has held that a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services.

(Citations, punctuation and footnotes omitted; emphasis in original.) Id. at 445. And as the Georgia Supreme Court explained in *Williams v. Cooper* 280 Ga. 145, 147 (1) (625 SE2d 754) (2006), "for an award under OCGA § 9-15-14 (b), the conduct of the

party against whom an award is sought, and the conduct of that party's counsel, are considered along with the impact of that conduct on the attorney fees incurred by the opposing party." (Citation and punctuation omitted.)

Similarly, in the context of a request for attorney fees pursuant to the offer of settlement statute, a hearing should be required so that the party opposing fees has an opportunity to confront and challenge whether the fees a party is entitled to under OCGA § 9-11-68 (b), are "reasonable," and, if raised, to shoulder its burden to prove the absence of good faith. As stated in *Bell*, "even where the Code does not require hearings, Georgia's courts have required hearings because such an award must be supported by evidence-based factual findings." (Citations, punctuation and footnotes omitted.) Id. at 446. And if the trial court determines that an offer was not made in good faith, it must set forth the basis for its determination in a written order. OCGA § 9-11-68 (d) (2). This determination can only be properly made upon the offeree shouldering its burden to show the absence of good faith after the presentation of evidence by the parties concerning the offer and the circumstances of the offer.[6]

---

[6]Such circumstances could include settlement negotiations. See OCGA § 24-4-408 (specifically excluding OCGA § 9-11-68 from nonadmissible offers of compromise).

10

For these reasons, we hold that a hearing is required for the award of attorney fees pursuant to OCGA § 9-11-68, which may include, as here, the consideration of whether the offer was made in good faith.[7] Our holding in *Bell*, supra, 331 Ga. App. at 446, does not require a different result. Although a party may waive a hearing expressly or by conduct, a timely objection to the motion "even without a specific request for a hearing, is generally sufficient to preclude a waiver by conduct of the right to an evidentiary hearing." (Citation and punctuation omitted.) *Williams v. Becker*, 294 Ga. 411, 413 (2) (a) (754 SE2d 11) (2014). Here, Locklyn filed a response to Richardson's motion for attorney fees asserting that the offer was not made in good faith, therefore triggering the requirement of a hearing. Richardson's failure to respond to Locklyn's assertion of no good faith is of no consequence because the requirement of a hearing was already triggered.

We therefore vacate the judgment and remand this case for a hearing on attorney fees under OCGA § 9-11-68.

---

[7]We note that it appears that the trial court arguably considered only objective factors, the amount of the offer and potential liability, which a Florida Court of Appeals has held was error. As explained, infra, the trial court is required to consider the offeror's explanation and then determine whether, despite consideration of the objective factors, the offeror had a subjective reasonable belief on which to base offer. See *Arrowood*, supra, 58 So3d at 290.

11

We disagree with the dissent that because subsection (e) of OCGA § 9-11-68 provides for a bifurcated hearing, requiring a hearing under subsection (d) is inconsistent with the intent of the legislature. We find no requirement that we must harmonize two completely separate issues covered by the same Code section. Subsections (a) through (d) govern offers of settlement, while subsection (d) governs damages for frivolous claim or defenses. The dissent argues further that the Georgia Supreme Court has imposed a hearing requirement only where the trial court grants an award of fees. But OCGA § 9-11-68 (b), provides that a party *shall be entitled to* attorney fees under certain circumstances, therefore, the statute itself anticipates an award of fees. And as explained above, the hearing requirement was triggered by Locklyn's response. Richardson therefore could not abandon any argument with regard to a hearing on fees.[8] Further, where our courts have announced a new hearing

---

[8]While we conclude here that we should remand this case for a hearing on attorney fees pursuant to the offer of settlement, we note that the dissent places much emphasis on the fact that Richardson never made the argument in her motion for fees that her offer of settlement was based on a thorough evaluation of Locklyn's medical record and bills disclosed during discovery and that Richardson merely argued that she was entitled to attorney fees because the verdict was less than 75 percent of the offer. But this is all that is required to trigger the award of fees under subsection (b)(1) ("the defendant *shall be entitled* to recover reasonable attorney's fees and expenses of litigation incurred by the defendant . . . if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement" (emphasis supplied.)); nothing more. And while the dissent

12

requirement, we remand for application of the requirement. See, e. g., *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

*Judgment vacated and case remanded with direction. Branch, McMillian, Rickman, and Mercier, JJ., concur. Barnes, P. J., Miller, P. J., Ellington, P. J., and McFadden, J., dissent.*

---

argues that the billing records of Richardson's counsel did not include a reference to Locklyn's medical records and bills being reviewed and analyzed until *after* the settlement offer was made, the statute allows only fees and expenses "*incurred from the date of the rejection of the offer through the entry of judgment*," see OCGA § 9-11-68 (b) (1), and the records submitted by counsel cover the time frame between the offer and rejection, and the jury verdict. This evidence therefore does not demand a conclusion that counsel did not consider these items prior to making the offer. And indeed the parties were anticipating a trial following Locklyn's denial of Richardson's offer which would likely include a review of Locklyn's medical records and bills.

A16A0978. RICHARDSON v. LOCKLYN.

BARNES, Presiding Judge, dissenting.

I respectfully dissent from the majority's opinion holding that the trial court was required to conduct a hearing before denying attorney fees to Richardson under the good faith provision of the offer of settlement statute, OCGA § 9-11-68 (d) (2). The hearing issue was not raised by Richardson on appeal and thus has been abandoned, and even if it had not been abandoned, the statutory language and Supreme Court precedent make clear that a hearing is not required. Furthermore, because the record did not demand a factual finding by the trial court that Richardson's offer of settlement was reasonable and made in good faith, we should defer to the trial court's decision declining to award attorney fees and affirm.

As an initial matter, Richardson does not enumerate as error or even argue on appeal that she was entitled to a hearing on her motion for attorney fees under OCGA § 9-11-68. Consequently, Richardson has abandoned any argument that the trial court erred by not holding a hearing. See *Abdalla v. Atlanta Nephrology Referral Center*, 338 Ga. App. 36, 37-38 (789 SE2d 288) (2016) (declining to address legal argument regarding OCGA § 9-11-68 that was raised in the trial court but not on appeal); *134*

*Baker St., Inc. v. State*, 172 Ga. App. 738, 741-742 (5) (324 SE2d 575) (1984) (noting that "grounds raised at trial but not argued before this court are deemed abandoned"); Court of Appeals Rule 25.

However, even if Richardson had not abandoned the hearing issue by failing to raise it here, a hearing is not required before a trial court can grant or deny attorney fees under OCGA § 9-11-68 (d) (2). Requiring a hearing under this subsection is inconsistent with the intent of the legislature as expressed in the plain language and structure of the statute. Significantly, OCGA § 9-11-68 (e), unlike subsection (d), explicitly requires a hearing.[1] The language in subsection (e) makes "clear that the legislature knew how to [require a hearing] when it chose to do so," and therefore "we must presume that the legislature's failure to include similar . . . language in [subsection (d)] was a matter of considered choice." (Citation and punctuation omitted.) *Deutsche Bank Nat. Trust Co. v. JP Morgan Chase Bank, N.A.*, 307 Ga. App. 307, 311 (1) (b) (704 SE2d 823) (2010). Any other interpretation fails to

---

[1] OCGA § 9-11-68 (e) provides in part: "Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, the court *shall hold a separate bifurcated hearing* at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses. . . ." (Emphasis supplied.)

2

harmonize the subsections of OCGA § 9-11-68 and renders the language requiring a hearing in subsection (e) mere surplusage, a consequence that clearly should be avoided under our rules of statutory interpretation. See *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739, 742-743 (152 SE2d 768) (1966) ("All the words of a statute are to be given due weight and meaning," and "[c]ourts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible.").

Additionally, in other contexts where the Georgia Supreme Court has imposed a hearing requirement on an attorney fees statute, the Supreme Court has held that the requirement applies only where the trial court has *granted* an award of fees. See *Evers v. Evers*, 277 Ga. 132, 132 (1) (587 SE2d 22) (2003) (declining to impose hearing requirement where trial court denied motion for attorney fees under OCGA § 9-15-14). Thus, separate and apart from the statutory interpretation issue, Georgia Supreme Court precedent demonstrates that a hearing is not required in the present case, where the trial court denied the request for attorney fees.

For these combined reasons, the trial court committed no error in declining to award attorney fees to Richardson under OCGA § 9-11-68 (d) (2) without first conducting a hearing. And further, based on the record in this case, it was within the

3

trial court's sound discretion under the statute to find that Richardson's offer of settlement was unreasonable and not in good faith.

The decision whether an offer of settlement was reasonable and made in good faith under OCGA § 9-11-68 (d) (2) is a factual determination left to the sound discretion of the trial court, "based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case." *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 183 (2) (721 SE2d 173) (2011) (whole court). As we have emphasized, deference by appellate courts is particularly warranted in this context "because trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding." (Citation and punctuation omitted.) Id.

In light of this highly deferential standard of review, we should affirm the trial court's decision to exercise its discretion and decline to award attorney fees under OCGA § 9-11-68 (d) (2), based on the court's factual finding that Richardson's offer of settlement was unreasonable and not made in good faith. The trial court based its factual finding "upon the overall record and evidence presented at trial," and the

4

record includes evidence to support that finding, namely, that Richardson admitted negligence for the automobile accident in which the plaintiff was injured but did not make an offer of settlement that at least covered the plaintiff's medical bills disclosed during discovery.

While Richardson argues on appeal that her offer of settlement made on July 10, 2014 was based on a thorough evaluation of the plaintiff's medical records and bills disclosed during discovery, Richardson never made this argument to the trial court in her motion for attorney fees, and she submitted no affidavits or other evidence to support it. Richardson merely argued that because the verdict was less than 75 percent of the offer, she was entitled to an award of attorney fees. Moreover, the billing records of Richardson's counsel that were submitted with the fees motion include no reference to the plaintiff's medical records and bills being "reviewed, analyzed and summarized" by counsel until *after* the settlement offer was made. "[I]n the absence of evidence to the contrary, we will presume that the trial court reviewed the entire record," including the billing records, in reaching its decision that Richardson did not act reasonably and in good faith in making the offer of settlement. (Citation and punctuation omitted.) *Clark v. Perino*, 235 Ga. App. 444, 450 (3), n. 2 (509 SE2d 707) (1998).

In addition, the fact that the plaintiff ultimately recovered less than the full amount of her requested medical bills later at trial "is not conclusive evidence that [Richardson] acted in good faith." *Great West Cas. Co.*, 313 Ga. App. at 182 (1). If the legislature had intended for a defense verdict to trigger an attorney fees award automatically, it could have done so, but it did not. While the amount of the verdict is relevant to the issue of good faith, the trial court is entitled to take into account the information available to a defendant at the time the settlement offer was made and all the events that transpired during the case as a whole. Id. And, here, there was some evidence, construed in favor of the trial court's ruling, that Richardson admitted negligence but made a settlement offer of less than the amount of the plaintiff's medical bills disclosed during discovery without first having "reviewed, analyzed and summarized" those bills.

This is simply not a case where the record reveals that the trial court made a clear error of judgment or applied the wrong legal standard, and we cannot reverse the trial court under an abuse of discretion standard simply because "we would have gone the other way had it been our call." (Citation omitted.) *Koules v. SP5 Atlantic Retail Ventures, LLC*, 330 Ga. App. 282, 285 (2) (767 SE2d 40) (2014). Accordingly,

6

the trial court's decision not to award attorney fees to Richardson under OCGA § 9-11-68 (d) (2) should be affirmed.  Therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Miller, Presiding Judge Ellington, and Judge McFadden join in this dissent.