BARNES, Presiding Judge,
dissenting.
I respectfully dissent from the majority’s opinion holding that the trial court was required to conduct a hearing before denying attorney fees to Richardson under the good faith provision of the offer of settlement statute, OCGA § 9-11-68 (d) (2). The hearing issue was not raised by Richardson on appeal and thus has been abandoned, and even if it had not been abandoned, the statutory language and Supreme Court precedent make clear that a hearing is not required. Furthermore, because the record did not demand a factual finding by the trial court that Richardson’s offer of settlement was reasonable and made in good faith, we should defer to the trial court’s decision declining to award attorney fees and affirm.
As an initial matter, Richardson does not enumerate as error or even argue on appeal that she was entitled to a hearing on her motion for attorney fees under OCGA § 9-11-68. Consequently, Richardson has abandoned any argument that the trial court erred by not holding a hearing. See Abdalla v. Atlanta Nephrology Referral Center, 338 Ga. App. 36, 37-38 (789 SE2d 288) (2016) (declining to address legal argument regarding OCGA § 9-11-68 that was raised in the trial court but not on appeal); 134 Baker St. v. State, 172 Ga. App. 738, 741-742 (5) (324 SE2d 575) (1984) (noting that “grounds raised at trial but not argued before this court are deemed abandoned”); Court of Appeals Rule 25 (c) (2).
However, even if Richardson had not abandoned the hearing issue by failing to raise it here, a hearing is not required before a trial court can grant or deny attorney fees under OCGA § 9-11-68 (d) (2). Requiring a hearing under this subsection is inconsistent with the intent of the legislature as expressed in the plain language and structure of the statute. Significantly, OCGA § 9-11-68 (e), unlike subsection (d), explicitly requires a hearing.[9] The language in subsection (e) makes “clear that the legislature knew how to [require a *465 hearing] when it chose to do so,” and therefore “we must presume that the legislature’s failure to include similar ... language in [subsection (d)] was a matter of considered choice.” (Citation and punctuation omitted.) Deutsche Bank Nat. Trust Co. v. JP Morgan Chase Bank, 307 Ga. App. 307, 311 (1) (b) (704 SE2d 823) (2010). Any other interpretation fails to harmonize the subsections of OCGA § 9-11-68 and renders the language requiring a hearing in subsection (e) mere surplusage, a consequence that clearly should be avoided under our rules of statutory interpretation. See Undercofler v. Colonial Pipeline Co., 114 Ga. App. 739, 742-743 (152 SE2d 768) (1966) (“All the words of a statute are to be given due weight and meaning,” and “[c]ourts should not so interpret a statute as to make parts of it surplusage unless no other construction is reasonably possible.”).
Additionally, in other contexts where the Supreme Court of Georgia has imposed a hearing requirement on an attorney fees statute, the Supreme Court has held that the requirement applies only where the trial court has granted an award of fees. See Evers v. Evers, 277 Ga. 132, 132 (1) (587 SE2d 22) (2003) (declining to impose hearing requirement where trial court denied motion for attorney fees under OCGA § 9-15-14). Thus, separate and apart from the statutory interpretation issue, Supreme Court of Georgia precedent demonstrates that a hearing is not required in the present case, where the trial court denied the request for attorney fees.
For these combined reasons, the trial court committed no error in declining to award attorney fees to Richardson under OCGA § 9-11-68 (d) (2) without first conducting a hearing. And further, based on the record in this case, it was within the trial court’s sound discretion under the statute to find that Richardson’s offer of settlement was unreasonable and not in good faith.
The decision whether an offer of settlement was reasonable and made in good faith under OCGA § 9-11-68 (d) (2) is a factual determination left to the sound discretion of the trial court, “based on the trial court’s assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case.” Great West Cas. Co. v. Bloomfield, 313 Ga. App. 180, 183 (2) (721 SE2d 173) (2011) (whole court). As we have emphasized, deference by appellate courts *466 is particularly warranted in this context “because trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding.” (Citation and punctuation omitted.) Id.
In light of this highly deferential standard of review, we should affirm the trial court’s decision to exercise its discretion and decline to award attorney fees under OCGA § 9-11-68 (d) (2), based on the court’s factual finding that Richardson’s offer of settlement was unreasonable and not made in good faith. The trial court based its factual finding “upon the overall record and evidence presented at trial,” and the record includes evidence to support that finding, namely, that Richardson admitted negligence for the automobile accident in which the plaintiff was injured but did not make an offer of settlement that at least covered the plaintiff’s medical bills disclosed during discovery.
While Richardson argues on appeal that her offer of settlement made on July 10, 2014 was based on a thorough evaluation of the plaintiff’s medical records and bills disclosed during discovery, Richardson never made this argument to the trial court in her motion for attorney fees, and she submitted no affidavits or other evidence to support it. Richardson merely argued that because the verdict was less than 75 percent of the offer, she was entitled to an award of attorney fees. Moreover, the billing records of Richardson’s counsel that were submitted with the fees motion include no reference to the plaintiff’s medical records and bills being “reviewed, analyzed and summarized” by counsel until after the settlement offer was made. “[I]n the absence of evidence to the contrary, we will presume that the trial court reviewed the entire record,” including the billing records, in reaching its decision that Richardson did not act reasonably and in good faith in making the offer of settlement. (Citation and punctuation omitted.) Clark v. Perino, 235 Ga. App. 444, 450 (3), n. 2 (509 SE2d 707) (1998).
In addition, the fact that the plaintiff ultimately recovered less than the full amount of her requested medical bills later at trial “is not conclusive evidence that [Richardson] acted in good faith.” Great West Cas. Co., 313 Ga. App. at 182 (1). If the legislature had intended for a defense verdict to trigger an attorney fees award automatically, it could have done so, but it did not. While the amount of the verdict is relevant to the issue of good faith, the trial court is entitled to take into account the information available to a defendant at the time the settlement offer was made and all the events that transpired during the case as a whole. Id. And, here, there was some evidence, construed *467 in favor of the trial court’s ruling, that Richardson admitted negligence but made a settlement offer of less than the amount of the plaintiff’s medical bills disclosed during discovery without first having “reviewed, analyzed and summarized” those bills.
Decided November 15, 2016.
Gardner Trial Attorneys, Timothy J. Gardner, Henrietta G. Brown, for appellant.
Blevins & Hong, Richard N. Blevins, Jr.; Crocker Law, Justin T. Crocker, for appellee.
This is simply not a case where the record reveals that the trial court made a clear error of judgment or applied the wrong legal standard, and we cannot reverse the trial court under an abuse of discretion standard simply because “we would have gone the other way had it been our call.” (Citation omitted.) Koules v. SP5 Atlantic Retail Ventures, 330 Ga. App. 282, 285 (2) (767 SE2d 40) (2014). Accordingly, the trial court’s decision not to award attorney fees to Richardson under OCGA § 9-11-68 (d) (2) should be affirmed. Therefore, I respectfully dissent.
I am authorized to state that Presiding Judge Miller, Presiding Judge Ellington, and Judge McFadden join in this dissent.

 OCGA § 9-11-68 (e) provides in part:
Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine *465 whether the opposing party presented a frivolous claim or defense. In such event, the court shall hold a separate bifurcated hearing at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses. . . .
(Emphasis supplied.)